UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES W. EDWARDS,

    Plaintiff,

v.

CASE NO. 05-70086
HON. LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE VIRGINIA M. MORGAN

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

### I. Introduction

Plaintiff filed the instant action seeking Social Security disability insurance benefits. On November 22, 2005, the Court adopted Magistrate Morgan's Report and Recommendation, remanding the case to the Commissioner for a determination of Plaintiff's past relevant work and residual functional capacity. This matter is currently before the Court on Plaintiff's request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Defendant has filed a response, and Plaintiff has replied to the response.

### I. Discussion

The EAJA "requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). The Commissioner's position is substantially justified when it has a reasonable basis in law and fact. *Id.* at 554. The

Commissioner's position is not unreasonable simply because the Court found in favor of Plaintiff. The question is "whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Social Security*, No. 98-6284, 1999 U.S. App. LEXIS 29996, *12 (6th Cir. 1999).

In the instant case, Magistrate Morgan's Report and Recommendation, adopted by this Court, was critical of the ALJ's analysis of Plaintiff's past relevant work. The Report noted that "[t]he ALJ's failure to state the reasons for her conclusion or to engage in any analysis whatsoever preclude meaningful review by this court." R&R at 8. Thus, there was insufficient evidence to support the ALJ's conclusion that Plaintiff could perform past relevant work.

Regarding residual functional capacity, the Report held that the testimony of the Vocational Expert ("VE") was ambiguous, and the ALJ "clearly erred" in relying on it to determine that Plaintiff could perform 18,000 to 20,000 jobs. R&R at 14. The Government argues that the VE's testimony could be interpreted in a way to support the ALJ's decision, and served as a reasonable basis for the denial of benefits.

It is true that the VE's testimony was susceptible to multiple interpretations. However, rather than focus on one particular issue, the Court must look at the entire case. The Supreme Court has held that "[w]hile the parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990). In its remand order, the Court noted that the ALJ's caustic attitude towards Plaintiff raised questions regarding whether Plaintiff was afforded a full and fair hearing. In addition, as noted above, there was clearly insufficient support for the ALJ's holding that Plaintiff could perform past relevant work. The ALJ's attitude

and lack of analysis on key issues show that the decision to deny Plaintiff benefits did not have a reasonable basis in law or fact. Based on the record, it cannot be said that the Commissioner was justified in supporting the ALJ's decision to deny benefits. Therefore, Plaintiff is entitled to attorney fees and costs under the EAJA. Plaintiff has requested $4,170.64. The amounts billed are reasonable, thus Plaintiff is awarded $4,170.64.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: April 17, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 17, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290